CITY OF AKRON, APPELLANT, *v.*
MILEWSKI, APPELLEE.

(No. 11737—Decided February 6, 1985.)

*Gary Rosen,* city prosecutor, for appellant.

*Charles E. Grisi,* for appellee.

MAHONEY, P.J. Appellant, state of Ohio, appeals an order of the trial court granting appellee Yolanda Milewski's motion to suppress "* * * any and all statements of the defendant while in custody for the reason that the defendant was not advised of the *Miranda* warnings." We vacate and remand.

On March 8, 1984, at approximately 12:50 a.m., an Akron police officer clocked appellee Milewski travelling westbound on West Market Street in Akron at a speed in excess of seventy miles per hour. The Akron officer pursued Milewski into the city of Fairlawn, where a Fairlawn police officer, Officer Brinkley, clocked her at eighty-five miles per hour. Brinkley pulled in ahead of the Akron policeman and both continued to chase Milewski at speeds in excess of seventy miles per hour. The speed limit on West Market is thirty-five m.p.h. in Akron, and twenty-five m.p.h. in Fairlawn.

Milewski finally stopped her car in Fairlawn after being chased over a mile and a half. The officers testified that during the chase she repeatedly weaved in and out of her lane. Brinkley approached Milewski's car and asked to see her driver's license. Milewski said that she did not understand why she had been stopped. At this point Brinkley noticed that her speech was slurred, her reactions were slow, her clothes were in disarray and that when she got out of her car she could not walk without stumbling.

When asked how much alcohol she had consumed, Milewski responded that she had had a little, but not much. Brinkley then asked her to perform a field sobriety test which she quickly refused and started back towards her car. Brinkley stopped her and again asked her to take the sobriety test. Milewski again refused and began to struggle with Brinkley. Brinkley told her that she was under arrest and with the aid of other officers on the scene was finally able to get her under control and into his cruiser. At no point after her arrest was Milewski informed of her rights against self-incrimination and to counsel as required by *Miranda* v. *Arizona* (1966), 384 U.S. 436 [36 O.O.2d 237].

While in transit from the arrest scene to the police station, no questions

were asked of Milewski. When they arrived at the police station, Milewski told Brinkley that her pants were falling down and asked him to pull them up and pull up her zipper for her. Brinkley refused to do this for her, but did take her handcuffs off so she could make the necessary adjustments herself.

There is evidence in the record that Milewski was belligerent, uncooperative and verbally abusive throughout the booking procedure, which was recorded on an audio tape and is a part of the record in this appeal. When the booking officers attempted to question Milewski in order to complete their Alcoholic Influence Report Form, Milewski refused to answer while the officers were explaining the form and before they could ask any of the questions on it. Milewski likewise refused to take an intoxilyzer test.

When Milewski refused to answer any questions which might have been asked and refused the intoxilyzer test, the officers placed her in a holding cell. Milewski fought violently while the officers were putting her in the cell, and once inside, let out several prolonged screams.

Milewski was charged with driving while under the influence of alcohol in violation of R.C. 4511.19, weaving in violation of Fairlawn City Ordinance Section 432.37, and speeding in violation of Fairlawn City Ordinance Section 434.03, and was scheduled to stand trial on May 31, 1984. At 8:49 a.m. on May 31, Milewski's attorney filed a handwritten motion to suppress which cited as its only authority *State* v. *Buchholz* (1984), 11 Ohio St. 3d 24. After a suppression hearing held that same day, the trial court granted Milewski's motion and ordered that all statements she made while in custody be suppressed. The state now appeals this order.

## Assignment of Error 1

"The trial court erred in granting defendant's motion to suppress 'any and all statements made by the defendant while in custody for the reason that the defendant was not advised of the *Miranda* warnings.' "

Milewski's motion requested that the court suppress:

"* * * any and all statements made by the defendant while in custody for the reason that the defendant was not advised of the *Miranda* warnings."

In response to this, the trial court simply stated:

"Defts. motion to suppress heard: see tape & testimony & exhibits: Motion to suppress sustained on authority of *State* v. *Buchholz,* exceptions granted State of Ohio."

After reading the record and listening to the tape recording made at the police station, we find that suppression of all of Milewski's statements is unwarranted. Many of Milewski's statements were made on her own initiative in the absence of questions or any other words or actions likely to elicit an incriminating response. See *Miranda, supra,* and *Rhode Island* v. *Innis* (1980), 446 U.S. 291. Thus, although the police were required to read Milewski her rights under *Miranda* before interrogating her, *State* v. *Buchholz, supra,* Milewski's unsolicited statements are not barred from evidence and should not have been suppressed.

We also find that the court's suppression order does not meet the requirements of Crim. R. 12(E):

"* * * Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."

In this case, the court must make several factual conclusions in order to grant the suppression order. There is of course no dispute that Milewski was not given her *Miranda* rights; however, there remain the questions of where and when she was in custody and where and when thereafter she was custodily inter-

rogated, as well as what statements were made in response to such interrogation. As such, the trial court's order simply stating that the motion to suppress was granted was facially erroneous in the light of Crim. R. 12(E).

Assignment of Error 2

"The trial court erred in allowing defendant's motion to suppress since the motion was not timely filed."

In raising this assignment of error, the state of Ohio argues that Milewski's motion to suppress should not have been considered because it was untimely under Crim. R. 12(C) which requires that:

"All pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

The granting of this motion is certainly a matter of discretion. The state has failed to show any prejudice from the granting of the motion. In the absence of anything to the contrary, we may infer the court was trying to serve the interests of justice. Therefore, we feel that the trial court was well within its discretion in extending Milewski's time for filing the motion even to the morning of the date set for trial.

Summary

Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. The trial court's suppression order is hereby vacated and the cause remanded for further proceedings consistent with the law and this opinion.

*Order vacated and cause remanded.*

QUILLIN and CASTLE, JJ., concur.

CASTLE J., retired, of the Twelfth Appellate District, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.