OPINION
Defendant-Appellant, Brenda Studer, appeals a judgment of the Municipal Court of Tiffin, Seneca County, Ohio, entered pursuant to a jury verdict of guilty of cruelty to animals in violation of R.C. 959.13(A)(1) and (A)(4). The conviction stems from evidence that Appellant confined a tan Sharpai/Mix dog without sufficient quantities of good, wholesome food and water, and that Appellant kept the dog in an enclosure without exercise or a change of air.[1]
The evidence reveals that Appellant harbored numerous stray cats and dogs at the property located at 11383 East State Route 162 where she rented three outbuildings from owner Floyd Myers. An investigation of the property on May 18, 1998, conducted pursuant to a search warrant, resulted in a complaint being filed against Appellant alleging animal cruelty. Appellant entered an appearance and pled not guilty on May 28, 1998.
A trial was scheduled to commence at the end of July. Appellant represented herself until approximately two weeks before trial when she retained counsel who filed a notice of appearance on July 11th. Appellant's attorney then filed a motion for continuance and requested discovery from the State. The court granted the continuance and the State replied to the request for discovery on July 20, 1998.
Thereafter, on August 11, 1998, Appellant filed a motion for leave to file a motion to suppress outside the time limits set forth in Crim.R. 12. A copy of the motion to suppress and its accompanying memorandum was attached. In her motion to suppress, Appellant claimed that all evidence from the May 18, 1998 investigation should be excluded because the information used to procure the search warrant was the fruit of an illegal prior search of the property. The court denied Appellant's motion for leave and the case proceeded to trial.
On September 16, 1998, the jury returned a guilty verdict. The court sentenced Appellant to 90 days in jail with 85 days suspended and ordered her to pay a $10 fine plus court costs. In addition, Appellant was placed on probation for a period of five years on the condition that she "not * * * own, keep or harbor any animals any place in the State of Ohio, except one pet at her residence." The sentence was stayed pending the outcome of this appeal. We affirm the judgment of the trial court on all matters asserted.
Assignment of Error I
 The trial court abused its discretion by denying the Defendant's Motion for Leave, and Motion to Suppress.
Crim.R. 12 governs pretrial motions and states, in relevant part:
 (C) Motion Date. All pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
* * *
 (G) Effect of failure to raise defenses or objections. Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (C) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver.
The decision to permit a defendant to file a motion outside the prescribed time periods is a matter of discretion. Akron v. Milewski (1985), 21 Ohio App.3d 140, 142. Appellant essentially argues that the trial court abused its discretion in refusing to grant her leave to file a motion to suppress because Appellant acted pro se during the time that the motion should have been filed. Appellant's argument is without merit.
In State v. Doucette (Jan. 6, 1992), Allen App. No. 1-91-16, unreported, this court refused to toll the time limits of Crim.R. 12(C) for the period during which the defendant was unrepresented by an attorney, especially in light of the fact that the defendant was unable to explain why he failed to retain counsel until approximately three months after arraignment. We find the instant case to be strikingly similar since Appellant offers no explanation as to why she waited until two weeks before trial to retain counsel. Thus, we will not reward Appellant's inaction.
Although Appellant urges us to adopt the reasoning set forth by the Sixth District Court of Appeals in State v. Merritt (Mar. 20, 1998), Ottawa App. No. OT-97-036, unreported, we find that case distinguishable. In Merritt, a motion to suppress was not filed within the prescribed time limits because the defendant's attorney failed to do so. Thereafter, the filing of the motion was delayed even further because the defendant's new counsel could not obtain discovery due to an inadvertent clerical error. The trial court then refused to grant leave to file the motion once discovery had been received. The appellate court reversed the decision in an apparent effort to keep from punishing the defendant for situations beyond her control. Contrary to Appellant's assertions, the facts of this case are not comparable, as the delay herein is directly attributable to the Appellant herself.
Appellant's first assignment of error is overruled.
Assignment of Error II
 The trial court erred in denying the Defendant's Motion for Acquittal at the close of the State's case.
The evidence demonstrates that eighty-one cats and seventy-one dogs were discovered at 11383 East State Route 162 during the May 18, 1998 investigation. In her second assignment of error, Appellant claims that the trial court should have granted the motion for acquittal that was made at the close of the State's case. The appellant claimed the prosecution failed to prove, beyond a reasonable doubt, that the tan Sharpai/Mix was confined by Appellant and that she deprived it of food, water, exercise or a change of air.
We find it unnecessary to reach the merits of Appellant's assertion due to the state of the record before us. The transcript in this case reveals that the motion for acquittal was not renewed at the close of all the evidence. It is well established under Ohio law that in the context of a jury trial, the failure to renew a motion for acquittal at the close of the entire case constitutes a waiver of any alleged error made by the trial court in connection with the initial motion. State v. Turner (1993), 91 Ohio App.3d 153, 157. Since Appellant failed to renew the motion at the appropriate time, we find that the issue has not been preserved for appeal and is not properly before this court.
Appellant's second assignment of error is overruled.
Assignment of Error III
 The trial court erred in rendering a verdict [sic] that was against the manifest weight of the evidence.
In reviewing a claim that a verdict was against the manifest weight of the evidence, an appellate court must:
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses, and [determine] whether when resolving conflicts in the evidence, the jury clearly lost its way * * *.
State v. Martin (1983), 20 Ohio App.3d 172, 175; State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In addition, a reviewing court should only sustain such an assertion and order a new trial in extraordinary cases where the "evidence weighs heavily against conviction." Id.
The appellant's claim in this assignment is similar to the claim presented in the previous assignment of error. Appellant argues here that the conviction was erroneous because the weight of the evidence fails to establish that the tan Sharpai/Mix was confined by Appellant and that she failed to provide the animal with the essentials of food, water, exercise and a change of air. Appellant's argument is not well-taken.
Dr. Robert McClung is a licensed veterinarian who accompanied the Seneca County Dog Warden and various humane officers to 11383 East State Route 162 on May 18, 1998 in order to examine the animals confined on the property. The doctor testified at trial that there were three buildings on the premises. The first building was a converted house trailer where several cats and a few dogs were discovered. The second building was described as an "old farm coop" that was full of cats, and the third building was a small farm shed with a dividing wall that housed medium-sized dogs on one side and larger dogs on the other.
Dr. McClung testified that on the day he went to the property, the outside temperature was approximately ninety degrees. When describing the condition of the buildings where the dogs were kept, Dr. McClung stated that it was "severe". The doctor testified that the buildings were hot, dark and humid and that the environment was conducive to disease. Dr. McClung also stated that the dogs did not have a sufficient supply of food and water and that they did not have adequate square footage in which to move. The doctor also stated that none of the buildings were equipped with outside runs.
Additional testimony from several other witnesses established that the animals were walking in their own urine and feces and that a foul odor was noticeable from the outside the buildings. Much of the food was on the floor and mixed in with the animal waste and flies swarmed around the outside. It was also established that the windows on the buildings where the dogs were housed were completely closed at the time that the investigation began.
Once the condition of the buildings had been ascertained, Dr. McClung stated that the animals were then removed. The doctor testified that he took notes of the animals he observed and two humane officers testified that they took pictures of those animals. State's Exhibits 3A and 3B, which were properly admitted into evidence, include two pictures of a tan Sharpai/Mix stapled to a report on the animal's physical condition. The report was signed by Dr. McClung and dated May 18, 1998. The report indicates that the dog had excessive hair loss, staph infections, dermatitis, multiple bite wounds, sarcoptic mange and fleas. Due to the conclusion that the dog was not adoptable, the animal was destroyed shortly after it was examined.
In addition to this evidence, Barbara Phlegar, Executive Director of the Seneca County Humane Society, testified on cross-examination that she was present at the May 18th investigation. Phlegar stated that she heard Dr. McClung identify each of the animals and that she was familiar with each one. Counsel for the defense then specifically asked her about the tan Sharpai/Mix.
Based upon the foregoing, we find there is sufficient evidence whereby the jury could reasonably find the defendant guilty of the charge herein.
Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.
[1] The jury also convicted Appellant of thirteen similar counts of animal cruelty, however, those convictions are not relevant to this appeal.