The State of Ohio, plaintiff-appellant, (hereinafter "the state") appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-360075, in which the trial court granted the motion to suppress evidence filed by Anthony Wisniewski, defendant-appellee. The state assigns three errors for this court's review.
The state's appeal is not well taken.
On February 19, 1998, defendant-appellee was indicted by the Cuyahoga County Grand Jury, Case No. CR-360075, in a four-count indictment. The first count of the indictment charged defendant-appellee with felonious assault, in violation of R.C.2903.11, with a firearm specification. The second count of the indictment charged defendant-appellee with improperly discharging a firearm at or into habitation, in violation of R.C. 2923.161, with a firearm specification. The third and fourth counts of the indictment charged defendant-appellee with assault in violation of R.C. 2903.13. Counts three and four also contained a peace officer specification. On March 6, 1998, defendant-appellee was arraigned whereupon he entered a plea of not guilty to all four counts contained within the indictment.
On April 15, 1998, defendant-appellee filed a motion to suppress evidence seized by the Cleveland Police from defendant-appellee's home subsequent to his arrest on July 17, 1997. The evidence defendant-appellee sought to exclude consisted of two rifles, a shotgun, a hunting knife and ammunition for the firearms. Defendant-appellee maintained that the July 17, 1997 search of his home was conducted without consent, without probable cause and without a warrant in violation of both the United States and Ohio Constitutions.
On July 22, 1998, the trial court conducted a hearing on defendant-appellee's motion to suppress. The first and only witness for the state was Detective Michael Meyer of the Cleveland Police Department. Detective Meyer, a ten-year veteran of the Cleveland Police Department testified that, on the night of July 17, 1997, the Cleveland Police Department, Sixth District, received a report of a shooting in the vicinity of 813 East 154th Street, Cleveland, Ohio. When the police officers arrived on the scene, they were apparently informed that defendant-appellee had fired a weapon at one of the neighbors. Defendant-appellee did not hit his intended target.
The officers then proceeded to defendant-appellee's residence where he lived with his mother, Mrs. Mary Wisniewski. Detective Meyer and two other officers forced open a wooden fence gate to gain access to the back door of the residence. Detective Meyer testified that the back screen door was propped open and the inside door was approximately two-thirds ajar. Detective Meyer identified himself as a police officer and was about to enter the home through the back door when the door was pushed closed. Detective Meyer was able to stop the door from closing and entered the kitchen where he observed defendant-appellee standing next to his mother with soap on his hair and body wearing only a towel. Detective Meyer was about to place defendant-appellee under arrest when defendant-appellee "scooted" past Detective Meyer and out into the backyard. Defendant-appellee allegedly pushed two Cleveland Police Officers off the back porch while trying to make his escape. After an ensuing struggle with the officers who had remained in the backyard, defendant-appellee was placed in custody.
Detective Meyer testified that during this brief period of time, he remained in the house with Mrs. Wisniewski so she would not attempt to interfere with defendant-appellee's arrest. Detective Meyer questioned Mrs. Wisniewski regarding the location of the weapon defendant-appellee had allegedly used in the shooting. Ms. Wisniewski repeatedly stated that "there was no gun."
Detective Meyer testified further that he asked Mrs. Wisniewski "if it would be okay to look around the house" to which she responded in the affirmative and stepped aside to allow the officers into the residence. The ensuing search of the residence resulted in the discovery of the rifles, shotgun, hunting knife and ammunition. The state then rested.
The defense case consisted solely of the testimony of Mrs. Wisniewski, defendant-appellee's mother. Mrs. Wisniewski's version of the events on the night in question differed significantly from the account related by Detective Meyer during his testimony. Mrs. Wisniewski maintained that the police broke into her home through the locked back door just as she was attempting to open the door. In the process, the door allegedly opened into Mrs. Wisniewski causing her to be slammed against the wall. Mrs. Wisniewski testified further that several police officers entered the house, pepper sprayed defendant-appellee, dragged him out onto the porch and began beating defendant-appellee about the face and neck.
Mrs. Wisniewski stated that she became so upset by the events taking place that she closed the now broken door. Immediately, a police officer shoved the door open again slamming Mrs. Wisniewski into the wall a second time.[1] At this point, Mrs. Wisniewski testified that a number of police officers entered the home and began searching the premises without the consent of Mrs. Wisniewski or defendant-appellee. The defense then introduced two exhibits, one being a photograph of the broken back door to defendant-appellee's home and the second purporting to be an actual piece of the broken door itself. The defense concluded the presentation of its case.
The trial court then heard final arguments on the motion. At the conclusion of final arguments, the trial court requested any additional case law from both parties on the issues search incident to an arrest and hot pursuit. The trial court stated:
 Well, that's why I'm asking the question. I don't know the facts of these cases. But doesn't this get down to a search incident to an arrest situation? If one concedes that she never gave permission to enter the house. Either to enter the house or to search the house.
(T. 123.) The trial court concluded the hearing by making findings of fact which included the following finding:
 Mrs. Wisniewski denies that she gives permission. There is no testimony as to whether the other officers were searching before or after any interchange with her about permission was given. The other officers haven't testified, so I don't think the State has given any evidence here as to whether a valid consent was given. So I'm operating on the sole basis that this is a search incident to an arrest in connection with an alleged shooter, who is being arrested in his own home, albeit on the porch, minutes after the alleged shooting.
 And the question is then whether in arresting the man, and/or in searching the location where he is found, in a reasonable area where he might have secreted the weapon, they have the right — whether its reasonable, when, in hot pursuit like that, and in arresting a person, or at least finding the alleged shooter at a particular spot, they have the right to search, make a reasonably lengthy search into areas where the weapon in a shooting might be found.
 That's the question as I see it. And if you've got some case law on it, I'd like to read it. If you don't have any case law, I'll make a decision tomorrow.
(T. 126-127.)
On July 23, 1998, the trial court concluded that a warrantless search of defendant-appellee's residence had occurred in violation of defendant-appellee's rights under both the United States and Ohio Constitutions. The trial court then granted defendant-appellee's motion to suppress evidence. The state then requested that the trial court reopen the hearing to allow it the opportunity to present testimony on the issues of hot pursuit and search incident to an arrest as it had not prepared for these issues prior to the trial court's request. The trial court denied the state's request noting that, had it been made prior to the trial court's ultimate ruling on the motion to suppress, the state's request would have been granted. On July 28, 1998, the trial court stayed the proceedings pending appeal.
On August 4, 1998, the state filed a timely notice of appeal from the judgment of the trial court pursuant to Crim.R. 12(J).
The state's first assignment of error states:
 I. DEFENDANT'S MOTION TO SUPPRESS EVIDENCE WAS TIME BARRED.
The state argues, through its first assignment of error, that defendant-appellee's motion to suppress evidence was improperly considered as it was time barred pursuant to Crim.R. 12(C) which provides:
(C) Motion date.
 All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
It is the state's position that defendant-appellee's motion to suppress evidence, which was filed April 15, 1998, should be time barred since it was filed well after the expiration of the thirty-five day time limit set forth in the applicable rule.
It is well established that the entertaining or granting of a motion to suppress filed prior to trial is a matter within the sound discretion of the trial court. Akron v. Milewski (1985),21 Ohio App.3d 140. 487 N.E.2d 582; City of Cleveland v. Greissing
(June 6, 1991), Cuyahoga App. No. 60666, unreported. The trial court may extend the time for filing a motion to suppress, even to the scheduled trial date, if the court determines that such an extension is in the interests of justice. Milewski, supra, at 142, 487 N.E.2d 583, 584. In such an instance, the trial court's decision to entertain a motion to suppress is subject to an abuse of discretion standard of review. Abuse of discretion connotes more than an error in law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable.Berk v. Matthews (1990), 53 Ohio St.3d 161, 169; State v. Adams
(1980), 62 Ohio St.2d 151, 157.
In this instance, a review of the record demonstrates that the trial court did not abuse its discretion by considering defendant-appellee's motion to suppress evidence even though it was not timely filed in accordance with Crim.R. 12(C). Initially, it should be noted that this case was a re-indictment of a previous case over six months after the date upon which the underlying incident occurred. In addition, defense counsel, who was not original counsel of record, maintained that the defense requests for discovery remained unanswered up to the actual date of the suppression hearing. Such discovery problems, in and of themselves, can provide a basis for extending the time in which to file a motion to suppress. State v. Sargent (Aug. 17, 1994), Clark App. No. 3042, unreported. More importantly, the state has not demonstrated any prejudice from the trial court's decision to entertain the motion to suppress. In the absence of evidence to the contrary, this court may infer that the trial court was attempting to serve the interests of justice by considering the motion. Milewski, supra.
Accordingly, the state's first assignment of error is not well taken.
The state's second assignment of error states:
 II. MRS. WISNIEWSKI'S CONSENT TO THE SEARCH OF HER HOME WAS GIVEN FREELY AND VOLUNTARILY.
The state argues, through its second assignment of error, that the trial court improperly granted defendant-appellee's motion to suppress. Specifically, the state maintains that the testimony of Detective Meyer supported the finding that Mrs. Wisniewski voluntarily consented to the search of her home.
In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact.State v. Mills (1992), 62 Ohio St.3d 357; State v. McCulley (Apr. 28, 1994), Cuyahoga App. No. 64470, unreported. The trial court assumes the role of trier of fact in a suppression hearing and is, therefore, in the best position to resolve questions of fact and evaluate credibility of witnesses. State v. Klein (1991).73 Ohio App.3d 486. Appellate courts should give great deference to the judgment of the trier of fact. State v. George (1989),45 Ohio St.3d 329. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Klein, supra.
The Fourth Amendment to the United States Constitution provides in part: "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." The Fourth Amendment to the United States Constitution and Section 14, Article One of the Ohio Constitution requires the police to obtain a warrant based upon probable cause before they conduct a search. However, the warrant requirement is subject to a number of well-established exceptions. Coolidge v. New Hampshire (1971), 403 U.S. 443,91 S.Ct. 2022. One such exception is a search conducted pursuant to consent. Schneckloth v. Bustamonte (1973), 412 U.S. 218,93 S.Ct. 2041, 36 L.Ed.2d 854. However, in order to validate the search, the state must prove, by clear and convincing evidence, that the consent was freely and voluntarily given. Bumper v. NorthCarolina (1968), 391 U.S. 543, 548, 88 S.Ct. 1788, 1791-1792,20 L.Ed.2d 797, 802; State v. Jackson (1996), 110 Ohio App.3d 137,142. 673 N.E.2d 685, 688. The issue is a question of fact which must be determined by a totality of the circumstances. State v.Pierce (1998), 125 Ohio App.3d 592, 709 N.E.2d 203.
Unlike the objective reasonable person standard employed for determining whether a seizure has occurred, the standard for determining the voluntariness of a consent is subjective. Statev. Justice (Dec. 24, 1996), Franklin App. No. 96APAO5-616, unreported. Proof of voluntariness includes a showing that no coercion was employed in obtaining consent and that consent was not given only in forced submission to an apparent claim of lawful authority. Jackson, supra, 110 Ohio App.3d 142,673 N.E.2d at 688, quoting Schneckloth, supra, at 233,93 S.Ct. at 2050-2051, 36 L.Ed.2d at 866.
In the case herein, although the state presented testimony from one of the police officers at the scene to demonstrate that consent was freely and voluntarily given by Mrs. Wisniewski, a review of the record in its entirety fails to support the state's contention that proof of consent was established by clear and convincing evidence. The state completely disregards the testimony of Mrs. Wisniewski herself during which she contradicts Detective Meyer's testimony that consent was voluntarily given. In light of the fact that Detective Meyer and Mrs. Wisniewski were the only witnesses to testify and given the clear disparity in the testimony presented, this court cannot now say that the trial court abused its discretion by finding that the state had failed to demonstrate consent by clear and convincing evidence.
The state's second assignment of error is not well taken.
The state's third and final assignment of error states:
 III. THE TRIAL COURT ERRED IN FORMULATING TWO NEW ISSUES DURING THE SUPPRESSION HEARING AND SUBSEQUENTLY DENYING THE STATE'S REQUEST TO PRESENT ADDITIONAL EVIDENCE.
The state argues, through its third and final assignment of error, that the trial court improperly considered two issues not specifically set forth by defendant-appellee in its suppression motion; i.e., the issues of search incident to arrest and hot pursuit. The state contends further that the trial court erred by refusing to allow the state to reopen the suppression hearing after the court had made its final ruling in order to allow the state to present evidence on the issues formulated by the trial court. It is the state's position that, since defendant-appellee did not allege search incident to arrest or hot pursuit as grounds in the motion and the trial court did not provide notice that these issues would be considered until the conclusion of the hearing, the state should have been afforded an opportunity to present evidence on the subject issues.
In State v. Schindler (1994), 70 Ohio St.3d 54, 636 N.E.2d 319, the Ohio Supreme Court stated in its syllabus:
 In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided.
The touchstone of the particularity requirement for a motion to suppress is notice to the state of the basis for the defendant's motion. State v. Dworznik (Apr. 22, 1998), Medina App. No. 2721-M, unreported. Where a defendant challenges the search of his home on the basis that it violated the protections afforded by the Fourth Amendment, specifically the right to be secure in one's own home, provides legal authority and sets forth a factual basis for challenging the search, this court has held that such a motion sufficiently puts the state on notice of the basis for the challenge. See City of Warrensville Heights v. Hardin (Mar. 19, 1998), Cuyahoga App. No. 72470, unreported.
In the motion to suppress, defendant-appellee alleged that the underlying search was conducted without consent, without probable cause and without a warrant. Contrary to the state's assertion, defendant-appellee did, in fact, allege with sufficient particularity the grounds for the motion to suppress evidence. The state's reliance in this case upon Xenia v. Wallace (1988),37 Ohio St.3d 216, 524 N.E.2d 889, is misplaced. In Xenia, the Ohio Supreme Court held as follows:
 1. To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search and seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.
 2. Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search and seizure.
Id. at syllabus. A review of the record reveals that defendant-appellee satisfied his burden under Xenia v. Wallace,supra, in that defendant-appellee demonstrated the lack of a warrant for the search and raised the grounds upon which the validity of the search and seizure was to be challenged. The mere fact that the trial court expounded upon the grounds for the motion to suppress at the conclusion of the hearing does not, as the state contends, deny the prosecution a full and fair opportunity to respond to the issues of hot pursuit and search incident to arrest. This is particulary true in light of the fact that the state had rested its case and did not request an opportunity to respond to the subject issues until after the trial court had made its final ruling on the motion even though it had an opportunity to do so both at the end of the witness testimony and prior to the trial court's ruling.
Accordingly, the state's third and final assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMONAGLE, TIMOTHY E., P.J., and BLACKMON, J., CONCUR.
 _________________________________ MICHAEL J. CORRIGAN JUDGE
[1] Mrs. Wisniewski maintained that she subsequently received treatment for her injuries sustained on July 17, 1997, at Euclid Meridia Hospital.