DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Virgil Cochran has appealed from a decision of the Barberton Municipal Court which found him in violation of a Norton city ordinance prohibiting littering. This Court affirms.
 I
On October 17, 2000, Appellant was issued a citation for littering, a minor misdemeanor, in violation of City of Norton Ordinance Number 660.03. The citation ordered Appellant to appear at Norton Mayor's Court on October 30, 2000. Appellant duly went to mayor's court on that date, but no proceedings on Appellant's case went forward at that time. According to a judgment entry in the Norton Mayor's Court dated October 31, 2000, Appellant's case had been transferred to the Barberton Municipal Court, "[u]pon motion of the [city]."[1]
After Appellant twice failed to appear in Barberton Municipal Court for scheduled arraignment hearings, the municipal court issued a bench warrant for Appellant's arrest. Appellant was arrested and brought before the municipal court for arraignment on February 21, 2001. Appellant entered a plea of "not guilty," and a trial on his case was scheduled for March 2, 2001.
Appellant filed several pretrial motions, which were denied by the trial court. Following a trial on the merits, the court found Appellant in violation of the ordinance prohibiting littering, and imposed a fine of $100.00 plus costs. Appellant has timely appealed, asserting eight assignments of error, which this Court has rearranged to facilitate review.
 II Assignment of Error Number One The lower court prejudicially denied Appellant his lawful and constitutional rights not to be prosecuted in the Barberton Municipal Court by ists [sic] failure to properly rule that no subject matter or personal jurisdiction of this case was ever conferred upon the Barberton Municipal Court in this within matter.
 Assignment of Error Number Three The lower court erred when it said "The defendant's motion also raised a question of the Court's jurisdiction to hear the case. The City of Norton is within the Court's territorial jurisdiction and the Court clearly has jurisdiction to hear misdemeanor offenses committed within said jurisdiction. See [R.C. 1901.20]" and did not continue further and dismiss the matter because [R.C. 1901.20] does not deal with subject matter or personal jurisdiction. In dealing with the certifying of a case from a Mayor's Court it is the certificate under [R.C. 1905.032] that is the transferee court's jurisdiction by statute not the criminal rules in a minor misdemeanor matter.
 Assignment of Error Number Six The lower court erred when it said "The defendant's case was set for an arraignment 13 days later, whereupon he failed to appear." Appellant argues the Barberton Municipal Court did not have jurisdiction or notified him to appear for any arraignment.
In assignments of error numbers one, three, and six, Appellant has argued that the Barberton Municipal Court erred in asserting personal jurisdiction over Appellant, and in asserting subject matter jurisdiction over the case against him. Appellant has contended that the Barberton Municipal Court lacked jurisdiction because no certification thereto was made from the Norton Mayor's Court pursuant to R.C. 1905.032 and R.C.2945.71(A). In addition, Appellant has argued that the trial court lacked personal jurisdiction over him because he was not properly in receipt of the complaint against him.
A trial court's determination of whether it has subject matter and personal jurisdiction over a defendant is a question of law; accordingly, this Court reviews the trial court's assertion of jurisdiction over Appellant de novo. State v. Walls (Dec. 11, 2000), Butler App. No. CA99-10-174, unreported, 2000 Ohio App. LEXIS 5779, appeal not allowed (2001), 91 Ohio St.3d 1483, at *6; Robinson v. Koch Ref. Co. (June 17, 1999), Franklin App. No. 98AP-900, unreported, 1999 Ohio App. LEXIS 2682, at *3.
Because Appellant has not challenged the jurisdiction of the mayor's court over his case, this Court presumes its jurisdiction was legitimate pursuant to R.C. 1905.01. Appellant has, however, contended that the transfer of his case to the Barberton Municipal Court was defective, rendering that court's subsequent exercise of jurisdiction over his case improper.
R.C. 1905.032 authorizes the transfer of cases from mayor's court to other courts with concurrent jurisdiction:
 If a person who is charged with a violation of a law or an ordinance is brought before a mayor's court and the violation charged is within the jurisdiction of the court * * * the mayor, at any time prior to the final disposition of the case, may transfer it to the municipal court * * * with concurrent jurisdiction over the alleged violation. If a mayor transfers a case under this provision, the mayor shall require the person charged to enter into a recognizance to appear before the court to which the case is transferred.
R.C. 1905.032(A). Barberton Municipal Court's territorial jurisdiction includes the City of Norton. R.C. 1901.02(B). In addition, municipal courts have subject matter jurisdiction over violations of any ordinance of any municipal corporation within its territory. R.C. 1901.20(A). Consequently, Barberton Municipal Court had concurrent jurisdiction over Appellant's case with the Norton Mayor's Court, and Appellant's case was properly subject to transfer.
Appellant has argued that because he was not required by the mayor's court to "enter into a recognizance" to appear before the Barberton Municipal Court, the municipal court never acquired jurisdiction over him. Appellant, however, has cited no authority suggesting that when a case is transferred pursuant to R.C. 1905.032, a defendant's entry into a recognizance with a mayor's court is an essential predicate of the transferee court's jurisdiction. Nor has Appellant contended that he was prejudiced by any such failure of the Norton Mayor's Court. Under these circumstances, this Court declines to hold that the lack of Appellant's entry into a recognizance to appear before Barberton Municipal Court deprived the municipal court of jurisdiction over his case.
R.C. 1905.032 also provides the procedure to be followed when a case is transferred:
 Upon the transfer of a case by a mayor under division (A) of this section, all of the following apply:
 (1) The mayor shall certify all papers filed in the case, together with a transcript of all proceedings, accrued costs to date, and the recognizance given, to the court to which the case is transferred.
 (2) All further proceedings under the charge, complaint, information, or indictment in the transferred case shall be discontinued in the mayor's court and shall be conducted in the court to which the case is transferred, in accordance with the provisions governing proceedings in that court.
R.C. 1905.032(B).
Appellant has argued that the Norton Mayor's Court failed to properly certify the records in his case to the transferee Barberton Municipal Court as required by R.C. 1905.032(B). However, there appears in the record a judgment entry from the Norton Mayor's Court stating that Appellant's case "is hereby transferred to Barberton Municipal Court * * * pursuant to R.C. 1905.032." The judgment entry further directs:
 The Clerk is hereby ordered to certify all original papers filed in the above-styled case and together with a transcript of all proceedings, accrued costs and bond posted by Defendant, transfer this case to the Barberton Municipal Court further [sic] proceedings in accordance with law.
All further proceedings in this court are stayed. The record also contains a "Mayor's File Envelope" which contained the papers relevant to Appellant's case when it was pending before the Norton Mayor's Court. On this envelope is stamped "CERTIFIED TO BARB MUNI COURT" and the hand-written date "10/31/00." From these contents of the record, this Court finds that the certification of the records of Appellant's case from Norton Mayor's Court to Barberton Municipal Court was in compliance with R.C. 1905.032.
Finally, Appellant has contended that the Barberton Municipal Court lacked jurisdiction over his case because he never received copies of the judgment entry transferring his case to the municipal court or notices to appear in the municipal court. However, the record contains a "Court Notification" from the Barberton Municipal Court, issued November 2, 2000, and addressed to Appellant. This notification bears the notation "TRANSFERRED FROM NORTON MAYOR'S COURT," and advises Appellant that an arraignment hearing in his case was scheduled for November 13, 2000, at 9:00 a.m. Defendant failed to appear in the municipal court for his scheduled arraignment. The record shows that a second "Court Notification" bearing the notation "FINAL NOTICE TO APPEAR" was sent to Appellant on November 16, 2000, advising Appellant to appear for arraignment in his case on November 27, 2000, at 9:00 a.m.[2] Given the contents of the record and Appellant's own admissions, this Court finds that Appellant had sufficient notice of the action pending against him in Barberton Municipal Court for the municipal court to exercise jurisdiction over him. Appellant's first, third, and sixth assignments of error are overruled.
 Assignment of Error Number Two The lower court erred when it said "On the day before the trial, the defendant acting pro se, filed a motion to dismiss/motion to suppress evidence. The Court overruled said motion in that it was not filed within the time limits [sic] prescribed by [Crim.R. 12(C)]."
In his second assignment of error, Appellant has asserted that the trial court erred in overruling his motion to dismiss and to suppress evidence as not filed within the time limits required by Crim.R. 12(C). Appellant has contended that Crim.R. 12(C) applies only to prosecutions of felonies, and that the trial court erred by not granting the motion pursuant to Crim.R. 12(B).
Crim.R. 12(C) provides:[3]
 All pretrial motions except as provided in [Crim.R. 7(E)] and [Crim.R. 16(F)] shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
This Court will not reverse a trial court's decision to grant or deny, pursuant to Crim.R. 12(C), an untimely motion to suppress evidence absent an abuse of discretion. Akron v. Milewski (1985), 21 Ohio App.3d 140,142. An abuse of discretion involves "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
Appellant has offered no argument or authority to support his misguided assertion that Crim.R. 12(C) applies only to prosecutions of felonies. Nor has Appellant demonstrated any abuse of discretion by the trial court in denying his motions which, filed the day before trial, were untimely by six days. Appellant's second assignment of error is overruled.
 Assignment of Error Number Four The lower court erred when it said "On the day of trial, the defendant moved to dismiss the case alleging that this minor misdemeanor had not been brought to trial within 30-days as required by [R.C. 2945.71(A)]. The minor misdemeanor citation was issued in this case on October 17, 2000. The defendant appeared in Norton Mayor's Court on October 30, 2000 and requested that the matter be transferred to this Court, which was done. The case was certified to the Barberton Municipal Court on October 31, 2000. Defendant was given notice to appear in Barberton Municipal Court on November 13, 2000 at 9:00 a.m. for an arraignment. Defendant failed to appear and a bench warrant was issued for his arrest on 11-28-0. Defendant was arrested on the warrant and brought to Court on 2-21-01 and entered a plea of [`]not guilty.['] The case was set for trial on 3-2-01 at 10:00 a.m.["]
 Assignment of Error Number Five The lower court erred when it said "This case being a minor misdemeanor, the Court has 30 days to bring the matter to trial from the date the record of the case was certified from the Norton Mayor's Court on 10-31-00.["] Yes 30 days from "the date the record of the case was certified from the Mayor's Court on "10-31-00 or at any other time.
 Assignment of Error Number Seven The lower court erred when it said "Again he was brought to Court in custody on 2-21-01 whereupon he pled not guilty. The matter was set for trial 9 days later. The time whereby defendant improperly absented himself from the Court does not count against the 30-day time limit. See [R.C. 2945.71(A)].["]
In his fourth, fifth, and seventh assignments of error, Appellant has argued that the trial court erred in denying his motion to dismiss for denial of his right to be brought to trial within thirty days. Specifically, Appellant has contended that the trial court improperly computed the number of days chargeable to him for speedy trial purposes.
Statutory speedy trial provisions are to be strictly enforced by the courts. State v. Pachay (1980), 64 Ohio St.2d 218, syllabus. When reviewing whether a defendant has been denied his right to a speedy trial, this Court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas
(Aug. 11, 1999), Lorain App. No. 98CA007058, unreported, at 4. Thus, we must accept the lower court's factual findings if they are supported by some competent, credible evidence. Cremeans v. Fairland Local SchoolDist. Bd. of Edn. (1993), 91 Ohio App.3d 668, 681.
Pursuant to Ohio's speedy trial statute, a defendant charged with a minor misdemeanor "shall be brought to trial within thirty days after the person's arrest or the service of summons." R.C. 2945.71(A). If the accused is not brought to trial within the time prescribed by statute, the trial court shall discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B).
The thirty-day statutory rule is not absolute, however, and may be tolled under certain circumstances:
 The time within which an accused must be brought to trial * * * may be extended * * * by[:]
* * *
 Any period of delay occasioned by the neglect or improper act of the accused;
* * *
 Any period of delay necessitated by a removal or change of venue pursuant to law[.]
R.C. 2945.72 (D) and (F).
In the instant case, Appellant was served with his citation and summons on October 17, 2000. The Norton Mayor's Court certified the case to the Barberton Municipal Court on October 31, 2000. This transfer was a "removal" within the meaning of R.C. 2945.72(F), and the period from the date of the service of summons until the date of certification by the mayor's court was the period of delay necessitated by the removal.Brecksville v. Cook (1996), 75 Ohio St.3d 53, 60. Accordingly, the trial court properly did not apply the fourteen days from October 17, 2000, until October 31, 2000, against the thirty days within which Appellant was required to be tried.
The Barberton Municipal Court then scheduled Appellant's arraignment for November 13, 2000, and the record reflects that a notice to appear on that date was sent to Appellant. On November 13, 2000, thirteen of the thirty days within which Appellant was required to be tried had elapsed. However, Appellant's failure to appear for the scheduled arraignment tolled the speedy trial statute from November 13, 2000, until Appellant was finally arrested and arraigned on February 21, 2001. R.C. 2945.72(D);State v. Brown (Jan. 3, 1996), Medina App. No. 2438-M, unreported, appeal not allowed (1996), 76 Ohio St.3d 1409, at 6-7. The trial in Appellant's case was conducted on March 2, 2001. The nine days between Appellant's arraignment on February 21, 2001 and his trial on March 2, 2001 are therefore applicable against the thirty-day time for speedy trial. These nine days, in addition to the thirteen days between the certification of Appellant's case to municipal court and his first scheduled arraignment, add up to a total of twenty-two of the allowable thirty days that had elapsed before Appellant's trial. Accordingly, Appellant was not denied his constitutional right to a speedy trial, and the trial court properly denied Appellant's motion to dismiss on that ground. Appellant's fourth, fifth, and seventh assignments of error are overruled.
 Assignment of Error Number Eight The lower court erred in its failure to afford Appellant his U.S. and State of Ohio constitutional rights.
In his eighth assignment of error, Appellant has argued that the trial court erred by depriving Appellant of his constitutional rights. Specifically, Appellant has asserted that the city's ordinance violated his constitutional rights "to prevent [the city] from taking his property and rights."
In support of his final assignment of error, Appellant has cited a federal district court opinion which declared Norton City Ordinance Number 660.20 unconstitutional. In that case, Appellant brought suit against the City of Norton, alleging that the city violated his constitutional rights by seizing unlicensed motor vehicles from his property pursuant to the ordinance. The federal district court declared that ordinance unconstitutional, because it failed to provide for a pre-seizure hearing before the vehicles were towed.
In the instant case, however, Appellant was cited for allowing litter to accumulate on his premises. No seizure or deprivation of Appellant's property by the city occurred; Appellant has therefore failed to identify any violation of his constitutional rights protecting him from seizures of his property. Accordingly, Appellant's eighth assignment of error is overruled.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.
[1] The parties have presented conflicting accounts of who requested the transfer of Appellant's case to the Barberton Municipal Court, and when Appellant first became aware of the transfer. The notation on the Mayor's File Envelope, which contained the record of Appellant's case in the mayor's court, supports the lower court's finding that Appellant "requested that the matter be transferred to [Barberton Municipal Court]." Appellant, however, has contended that when he appeared at mayor's court on October 30, 2000, "he learned from the Mayor's Court Attendant that he did not have any hearing of anything for Appellant before the Mayor's Court that day[,]" from which Appellant inferred that the matter had been dropped. The city, in turn, has asserted that when Appellant appeared at mayor's court on October 30, 2000, "he was advised by the Prosecutor of the City of Norton that his case was being transferred to the Barberton Municipal Court for prosecution."
[2] Even while Appellant maintains that he never received either notice to appear for arraignment, he concedes that he was "notified to `please notify your attorney of trial date.'" This instruction appears at the bottom of each copy of the notice to appear addressed to Appellant contained in the record.
[3] This Court applies the version of Crim.R. 12 that was in effect at the time of the trial and the submission of Appellant's pretrial motions. Crim.R. 12 has subsequently been amended, effective July 1, 2001.