This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Michael Hoover, appeals the decision of the Wayne County Municipal Court that denied his motion for leave to file a motion to suppress evidence instanter. We affirm.
 {¶ 2} On June 9, 2002, Defendant was cited for driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), driving with a prohibited concentration of alcohol, in violation of R.C.4511.19(A)(3), and failing to wear a safety belt, in violation of R.C. 4513.26.3(B)(1). Defendant appeared in the Wayne County Municipal Court on June 11, 2002, and pled not guilty to all charges. Thereafter, on July 25, 2002, Defendant moved for leave to file a motion to suppress evidence instanter. The trial court denied his motion. Defendant moved the trial court to reconsider its decision denying him leave to file a motion to suppress evidence instanter; the trial court denied Defendant's motion for reconsideration. Defendant subsequently pled no contest to the driving with a prohibited concentration of alcohol charge, and the remaining two charges were dismissed. The trial court found Defendant guilty and sentenced him accordingly. Defendant now timely appeals and raises one assignment of error for review.
 Assignment of Error
"The trial court abused its discretion to the prejudice of [Defendant] by failing to grant the motion to suppress instanter."
 {¶ 3} In his sole assignment of error, Defendant avers that the trial court abused its discretion when it denied his motion for leave to file a motion to suppress evidence instanter. We disagree.
 {¶ 4} Regarding pretrial motions, Crim.R. 12(C)(3) provides that a motion to suppress evidence is a motion that must be raised prior to trial. Further, Crim.R. 12(D) states, in pertinent part, that "[a]ll pretrial motions *** shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. [However,] [t]he court in the interest of justice may extend the time for making pretrial motions."
 {¶ 5} A defendant's failure to timely file a motion to suppress results in a waiver of that issue, "but the court for good cause shown may grant relief from the waiver." Crim.R. 12(H). The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court. Akron v. Milewski (1985),21 Ohio App.3d 140, 142. Accordingly, an appellate court will not reverse a trial court's decision regarding an untimely filed motion to suppress absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} In the instant case, Defendant's contention that he has demonstrated good cause for the untimely filing of the motion to suppress stems from the fact that he changed counsel. Particularly, Defendant states that his newly retained counsel did not receive discovery until July 18, 2002, and he and his counsel could not meet for approximately six days after receipt of the discovery. Despite the fact that Defendant changed counsel, he was represented by counsel from the inception of the charges against him. The record does not indicate that Defendant was unaware of the circumstances surrounding the charges. In fact, Defendant's original attorney received discovery from the prosecutor within thirty-five days of his arraignment. Therefore, Defendant had full knowledge of the surrounding facts and circumstances pertaining to his case within the time requirements of Crim.R. 12(D). See State v. Overholt (Aug. 18, 1999), 9th Dist. No. 2905-M, at 11 (finding that the defendant's decision to retain new counsel did not alter the fact that he had knowledge of the circumstances within the time requirements and, therefore, the trial court did not abuse its discretion in denying motion for leave to file an untimely motion to suppress); State v. Young (Dec. 16, 1998), 9th Dist. No. 2818-M, at 4-5 (declaring that the defendant had full possession of the facts and circumstances within the time requirements because he was appointed counsel when arraigned and given discovery within thirty-five days of arraignment). See, also, Solon v. Randazzo (Nov. 30, 2000), 8th Dist. No. 76914 (stating that the defendant had knowledge of the facts surrounding his case as he was represented by counsel from the outset of the charges against him, counsel had several pretrial conferences, and counsel had requested discovery). Accordingly, as Defendant's assigned error hinges on the fact that he has changed counsel, we cannot find that the trial court abused its discretion in denying Defendant's motion for leave to file the motion to suppress instanter. See Overholt, supra, at 11; Young, supra, at 4-5; Randazzo, supra. Defendant's assignment of error is overruled.
 {¶ 7} Defendant's sole assignment of error is overruled. The decision of the Wayne County Municipal Court is affirmed.
BAIRD, J. and BATCHELDER, J. CONCUR.